OPINION
On October 13, 2000, Sharon Felix filed a lawsuit against Aquameter, Inc., Terrence Lyden and Kathleen Lyden. Ms. Felix sought to have the lawsuit certified as a class action seeking recovery of funds paid to Aquameter, Inc., by residents of mobile home parks and rental properties for services related to the providing of water to the residents. Terrence Lyden and Kathleen Lyden were named as defendants in the lawsuit as officers of Aquameter, Inc., and as individuals. The complaint initiating the lawsuit alleged violation of the Fair Debt Collection Practices Act, Section 1692; Title 15, U.S. Code; violation of the Ohio Consumer Sales Practices Act, R.C. 1345.01 et seq.; and liability based on Ohio's RICO statutes, R.C. 2923.31 et seq.
After service of process, an answer was filed on behalf of the Lydens and Aquameter, Inc., (hereinafter "Aquameter"). The answer denied most of the allegations in the complaint and set forth several affirmative defenses.
A discovery deposition of Sharon Felix was conducted on December 19, 2000. A copy of the deposition was filed with the trial court on January 24, 2001. Discovery by way of interrogatories and demands for production of documents was also pursued by counsel for Ms. Felix.
In anticipation of filing a motion for summary judgment, an extensive affidavit was filed by Terrence (Terry) Lyden. On February 28, 2001, the motion for summary judgment itself was filed. At the same time, the trial court was considering whether or not to grant class certification for the lawsuit.
Counsel for Ms. Felix filed a memorandum regarding class certification on March 1, 2001. However, counsel did not respond to the motion for summary judgment. As a result, the trial court granted summary judgment in a decision and entry journalized April 11, 2001. The trial court found that Aquameter was not a debt collector for purposes of Section 1692(a), Title 15, U.S. Code; that Aquameter was not engaged in consumer transactions as a supplier; that Aquameter had not violated the Ohio Corrupt Activities Act, or State RICO Act; and that no fraud had been demonstrated.
On April 16, 2001, counsel for Ms. Felix filed a motion requesting the trial court to vacate its granting of summary judgment. This motion was filed "pursuant to Ohio Rule of Civil Procedure 60(B)(1) and (5)." Counsel asserted a lack of knowledge of the local rules used by the Court of Common Pleas for Franklin County, Ohio, as being the basis for his failure to respond to the motion for summary judgment. The trial court overruled the motion in a decision and entry journalized April 26, 2001.
On May 9, 2001, counsel for Ms. Felix filed a notice of appeal from the granting of summary judgment. In the brief filed on behalf of Ms. Felix on appeal, five assignments of error are presented:
 1. The trial court erred in granting defendants' motion for summary judgment on plaintiff's claims for fraud and violation of Ohio's Corrupt Practices Act.
 2. The trial court erred in granting defendants' motion for summary judgment on plaintiff's claims under the Fair Debt Collection Practices Act.
 3. The trial court erred in granting defendants' motion for summary judgment on plaintiff's claims under the Consumer Sales Practices Act.
 4. The trial court erred in dismissing plaintiff's claims for failure to respond to defendants' motion without first providing notice pursuant to Civ.R. 41.
 5. The trial court abused its discretion in denying plaintiff's motion for relief from judgment.
Addressing the first three assignments of error jointly, at the time the trial court ruled on the motion for summary judgment, the trial court had before it the affidavit of Terrence Lyden, minimal answers to interrogatories, a very few allegations in the complaint which were admitted, and the deposition of Sharon Felix. The affidavit of Terrence Lyden fully supported the granting of summary judgment. The admitted allegations in the complaint were consistent with the affidavit as were the answers to the interrogatories. The only basis for refusing to grant summary judgment available to the trial court was the deposition of Ms. Felix. Thus, the deposition must be carefully reviewed to see if it raises any genuine issues of material fact.
Sharon Felix is a college graduate. She is a woman in her fifties with an extended work history with the Lucas County Department of Human Services. The first grievances she expressed with Aquameter were an inability to understand how Aquameter calculates water bills and disgust that water meters had been placed on the outside of the mobile homes in her trailer park, Troy Villa. She lived in the trailer park from April 1, 1987 to December 18, 1999. Thus, she had moved out of Troy Villa to another trailer park which did not use the services of Aquameter before she filed the lawsuit.
Ms. Felix's first encounter with Aquameter occurred in 1995 when she discovered that a water meter had been placed on her trailer without her knowledge or expressed permission. She felt that Aquameter had no right to attach a meter to her home without her permission, as opposed to the permission of the people who managed Troy Villa.
Later, Ms. Felix was unhappy with the water bills she received. When she received water bills she paid them because she was afraid the water would be cut off if she did not. However, she questioned the size of the bill. When she complained, Aquameter told her to direct her questions to Troy Villa. When she complained to Troy Villa, Troy Villa directed her back to Aquameter. She then quit complaining because she felt she was getting a runaround. Apparently, Aquameter was reading the meters at Troy Villa for some undetermined period of time and then representatives of Troy Villa began reading the meters. On one occasion, a change was made in the size of the bill due to an error in reading. Who made the error is not clear, but a telephone call to Aquameter resulted in a correction of a bill from $145 for a month to $14.50 for the month.
In earlier 1999, Ms. Felix asked Aquameter for a history of her account, which was provided. Ms. Felix could not understand the document she received. Further calls resulted in more documents being sent. She interpreted these documents as reflecting a billing for sewer services which she felt she was not receiving.
The last half of the deposition involved a careful review of the complaint which initiated the lawsuit. Ms. Felix knew little additional information regarding the theories contained in the complaint.
In short, the deposition of Sharon Felix reflected her unhappiness with the fact a water meter was installed on her house and that she was being billed for services she formerly had received for free. However, her deposition did not demonstrate a factual basis for the theories set forth in her complaint.
Since summary judgment was properly granted, based upon the information before the trial court at the time it ruled upon the motion for summary judgment, the first three assignments of error are overruled.
The fourth assignment of error alleges error based upon a failure of the trial court to give notice under Civ.R. 41. However, the trial court was not entering a dismissal under Civ.R. 41. Instead, the trial court was addressing a motion for summary judgment and was granting summary judgment. Thus, no notice under Civ.R. 41 was necessary.
The fourth assignment of error is overruled.
The last assignment of error alleges that the trial court abused its discretion when the trial court refused to overturn its grant of summary judgment after counsel for Ms. Felix filed a motion under Civ.R. 60(B) and appended a voluminous "Plaintiff's Evidentiary Appendix." This appendix contains copies of many pages of what appears to be a transcript of some sort of legal proceeding before the Public Utilities Commission of Ohio and copies of pages of a deposition. Also in the appendix are copies of documents apparently filed on behalf of Aquameter in the other proceedings.
Unfortunately, nothing in "Plaintiff's Evidentiary Appendix" is set forth in a form that the material could be considered in ruling on a motion for summary judgment. None of it is in a form which is appropriate for consideration when ruling on Civ.R. 60(B) motions either. Thus, none of the material could be considered by the trial court in ruling on the Civ.R. 60(B) motion before it.
Since counsel for Ms. Felix submitted nothing but case law and argument, devoid of factual material to dispute the evidentiary material submitted by Aquameter and the Lydens, the trial court really had no choice but to overrule the Civ.R. 60(B) motion. The trial court did not err.
The fifth assignment of error is overruled.
All five assignments of error having been overruled, the judgment of the trial court is affirmed.
DEHSLER and BROWN, JJ., concur.